32870.  RAMSEY *v.* WATKINS MOTOR LINES INC.

Decided May 3, 1950.

514

*B. B. Earle Jr., Miller & Head,* for plaintiff.

*Forester & Calhoun,* for defendant.

GARDNER, J.   The only question presented here is, does the

petition, construed most strongly against the pleader, and admitting all facts well pleaded, set out a cause of action? There are several preliminary questions which we might here mention. It will be observed (a) that it is nowhere alleged in the petition for what purpose the truck in question was used prior to the contract. (b) It is nowhere alleged that the plaintiff or the defendant were other than operators of motor vehicles for hire. It is not alleged that either of them, prior to this transaction or during this transaction, were motor common-carriers. Construing the petition most strongly against the pleader, no other conclusion can be reached except that they were both operators of motor vehicles for hire and not operators of motor common-carriers. Counsel for the plaintiff bases his argument on the theory that the defendant was the operator of motor common-carriers for hire and therefore it was the defendant's duty to procure the reciprocity license in the State of Michigan under the regulations of the authorities of Michigan as to motor carriers' rules and regulations set out in paragraph 8 of the petition. By reference to the rules and regulations of Michigan as set forth in paragraph 8 of the petition it will be noted that those rules and regulations do not mention motor common-carriers. The words are used: "Application by carriers for hire engaged in interstate commerce, etc." Therefore, it appears that the burden of the argument for the plaintiff as to the laws both foreign and in this State as regards motor common-carriers, are not applicable under the pleadings in this case. Our law with reference to motor common-carriers is contained in our Code, Ch. 68-6. Since we have determined that the petition does not allege sufficient facts to show that the defendant was a motor common-carrier as above stated, we will not deal with that subject here except to say that counsel for the plaintiff recognizes that there is quite a distinction between a motor common-carrier and a motor vehicle for hire. The latter class is dealt with in Chapter 68-7 of our Code. We will not deal with the Code sections in this chapter other than § 68-709. That section reads: "Registration and licensing of motor vehicles for hire. Every owner of a motor vehicle who operates the same for hire, either for hauling passengers or freight, whether a resident or nonresident of this State, shall register

the same with the State Revenue Commission and obtain a license therefor, and shall pay any and all fees and taxes which may be required by law: Provided, however, this section shall not apply to motor vehicles from States other than Georgia, where such other States do not require the purchase of such licenses and license tags by such motor vehicles owned and operated under Georgia licenses in such other States." It will be noted that the Code section immediately above set forth requires the *owner* of every motor vehicle who operates the same for hire to comply with the regulations of this section and chapter. The petition shows that the plaintiff was the owner of this motor vehicle in question. He hired the motor vehicle to the defendant. It does not seem that the plaintiff could evade the provisions of this chapter and section by hiring the motor vehicle to the defendant. It would seem that this would be the same as if the plaintiff had operated the truck himself for hire. Indeed, it seems, according to the terms of the contract between the parties, that the plaintiff did to all intents and purposes operate the truck himself. He furnished the driver who actually operated the truck, paid the driver's wages, paid for the fuel for the truck, and in his bill of particulars there is an item included in the amount sued for as follows: "Loss of earnings of said truck driver from being delayed six entire working days: $500." There is nothing in the petition or the contract to show that the defendant was to comply with the provisions of Code § 68-709.

The court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*